BROWN et al. v. LAWRENCE PARK REALTY CO.

(Supreme Court, Appellate Division, First Department. July 13, 1909.)

TAXATION (§ 902*)—TRANSFER TAX—RIGHT OF SUCCESSION.

The tax imposed by the transfer tax act in force February, 1908 (Tax Law [Laws 1896, p. 868, c. 908] art. 10, as amended by Laws 1905, p. 827, c. 368) is not a tax on the property of decedent, but only on the right of succession to his property; and hence the lien of the tax attaches only to the fund in the hands of the executors or administrators to be distributed or to particular property passing by specific devise or bequest, and not on real property constituting a part of testator's general estate to be sold by the executors to marshal the assets and obtain money with which to pay debts and legacies, notwithstanding section 224 declares that every such tax shall be a lien on the property transferred until paid, and makes both the person, property, and executor, administrator, or trustee personally liable therefor.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 902.*]

Submission of controversy under Code Civ. Proc. § 1279, by J. Romaine Brown and others, executors of Loyal L. Smith, deceased, against the Lawrence Park Realty Company. Judgment for plaintiffs.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Thomas F. Conway, for plaintiffs.
Philip S. Dean, for defendant.

HOUGHTON, J. The plaintiffs are executors of the last will and testament of Loyal L. Smith, who died in February, 1908, possessed of a large amount of personal property and seised of several parcels of real property, one of which was situated in the city of Yonkers, and which the plaintiffs contracted to sell to the defendant's assignor for upwards of $187,000 free from incumbrances. By his will plaintiffs' testator bequeathed a large number of legacies to individuals and charitable corporations, and established certain trusts in behalf of individuals and charitable and educational institutions, and directed, for the purpose of carrying out the provisions of the will, that his executors should within five years convert all of his real property into money, with the exception of one parcel, which he specifically devised to a relative. Some of the legacies provided by the testator's will were subject to a transfer tax of five per cent., some of one and some of no tax whatever; and none of the legacies were payable until the expiration of five years, except in the discretion of the executors. No transfer tax upon any of the legacies had been paid by the executors when the contract for the sale of the Yonkers parcel was to be closed by delivery of deed, and the defendant refused to take title on the ground that such transfer tax as might be levied on any or all of the legacies given by the will was a lien on such real property. A compromise was finally arranged whereby a deed of the property was accepted upon plaintiffs paying to the State Comptroller the sum of $20,000 on account of such transfer tax as might be due from legatees and devisees of testator's estate, and the deposit of the sum

of $10,000 with the Mutual Bank of New York to meet any further claim for such transfer tax. This latter sum was to be held by said bank until it should be determined whether or not the transfer tax was a specific lien on the real property conveyed, and this submission is for the purpose of determining that question.

The stipulated facts recite that the real property contracted to be sold was a part. of the general estate of testator, and that its sale was for the purpose of marshaling assets to pay debts, expenses of the estate and distribution in legacies according to the terms of the will. The real property in question was not specifically devised, nor was it expressly charged with the payment of any legacy. On the contrary, it formed a part of testator's estate, and the executors were specifically directed to sell it and convert it into money for distribution.

The tax imposed by the transfer tax act, in effect in February, 1908 (Tax Law [Laws 1896, p. 868, c. 908] art. 10, as amended and remodeled by Laws 1905, p. 827, c. 368), is not a tax upon the property of a decedent, but is only a tax on the right of succession to such property through gift, bequest, devise, descent, or distribution. Matter of Dows, 167 N. Y. 227, 60 N. E. 439, 52 L. R. A. 433, 88 Am. St. Rep. 508; Matter of Gihon, 169 N. Y. 443, 62 N. E. 561; Matter of Wolfe, 89 App. Div. 349, 85 N. Y. Supp. 949; Laws 1905, pp. 828, 846, c. 368, §§ 220, 242. It is true that section 224 of the tax law provides that every such tax shall be a lien upon the property transferred until paid, and makes both the person to whom the property is transferred and the executor or administrator or trustee through whose hands it comes personally liable for its payment. The Legislature could not have intended by this language to make the transfer tax a lien upon the specific property of the decedent which would come to the hands of the executor or administrator for administration. Manifestly the lien provided by this section attaches only to the fund to be distributed or the particular property when it passes by specific bequest or devise. The Legislature must have realized that it was necessary for executors and administrators to marshal the assets of their estates for the purpose of paying debts and expenses, and to obtain funds for the payment of legacies. If a lien were to attach on property as it came to their hands, it would be impressed upon personalty as well as realty, and it would be impossible for them to sell bonds or stocks or personal property free of lien, as well as to transfer any real property directed by the will to be converted into personalty. An intent thus to hamper the marshaling of the assets of the estate cannot be inferred. The statute is amply satisfied in view of the fact that the tax is upon the right to succession, and not upon·the property of the decedent, by holding that the lien attaches upon the fund realized after the assets of the estate have been marshaled or the property is ready for distribution in kind. This interpretation is borne out by other provisions of the section, which direct an executor or administrator to deduct the tax from the legacy or distributive share and to pay it, and permit him, where the legacy is specific, to collect the tax·upon its appraised value from the legatee, and exempt him from liability to deliver any specific legacy until

he shall have collected such tax thereon. Different rates of taxation are prescribed for different classes of legatees and distributees, and it would be impossible to apportion the different taxes upon the different kinds of property, and manifestly unjust to fasten a lien for all the tax upon any one piece or kind of property.

This view is not weakened by the other provision of the section giving to the executor, administrator, or trustee full power to sell so much of the property of the decedent as will enable him to pay such tax in the same manner as he might be entitled to sell for the payment of debts. Instances often arise where the testator directs that the general legacies be paid in securities, or that the residue of the estate be turned over in kind to the residuary legatee. In such case the lien attaches to the transfer, and, if the legatee does not advance the money to pay the tax, the executor may sell such securities as shall be necessary to do so.

Our conclusion is that neither the whole nor any part of the transfer tax which the law imposed upon the various legatees under the will of plaintiffs' testator was a lien upon the real property contracted to be sold; and that the defendant was not justified in rejecting title on the sole ground that such transfer tax was a lien thereon, and that plaintiffs are entitled to a judgment directing the repayment to them of the moneys deposited with accumulated interest thereon.

Judgment is directed accordingly, without costs as stipulated. All concur.