EVA HEYMANN, Respondent, *v.* PAUL VIANE, Appellant, and JAMES E. SQUIRES et al., Respondents, Impleaded with Another.

(Argued October 23, 1929; decided November 19, 1929.)

*William F. Columbus* for appellant. The transfer tax upon the estate of Thomas T. Sturges was not a lien upon defendant Viane's property and not a valid objection to the taking of title. (*Matter of Meyer*, 209 N. Y. 386; *Brown* v. *Lawrence Park Realty Co.*, 133 App. Div. 175; *Matter of Dows*, 167 N. Y. 227; *Matter of Gihon*, 169 N. Y. 443; *Matter of Wolfe*, 89 App. Div. 349; *Matter of Smith*, 80

Misc. Rep. 140.) The sublease made by the tenant Klein to Shapiro was not an incumbrance on the real estate in suit. (*Bone* v. *Coppola,* 91 N. Y. Supp. 8; *Bruder* v. *Geisler,* 94 N. Y. Supp. 2; *Ashton Holding Co., Inc.,* v. *Levitt,* 180 N. Y. Supp. 700; *Hessberg* v. *Manyullo,* 182 N. Y. Supp. 637; *Ruella Realty Co., Inc.,* v. *Wilkie,* 198 N. Y. Supp. 212; *Weintraub* v. *Weil,* 103 N. Y. Supp. 299; *Smith* v. *United Crude Oil Co.,* 179 Cal. 570; *Connaughton* v. *Barnard,* 84 Md. 577; *Riggs* v. *Pursell,* 66 N. Y. 193; *Hartigan* v. *Casualty Co. of America,* 227 N. Y. 175; *Bovine* v. *Galitzka,* 250 N. Y. 228; *Round Lake Assn.* v. *Kellogg,* 141 N. Y. 348; *Brown* v. *Broadway & Seventy-second St. Realty Co.,* 131 App. Div. 780.)

*Robert P. Schur* and *Hugo Wintner* for plaintiff-respondent. The inheritance taxes were a lien justifying the rejection of title. (*Midurban Realty Corp.* v. *F. D. & L. Realty Corp.,* 220 App. Div. 814; 247 N. Y. 307; *Warner* v. *Doscher,* 213 App. Div. 117; 241 N. Y. 605; *Goldenberg* v. *Doscher,* 248 N. Y. 612; *Kitching* v. *Shear,* 57 N. Y. Supp. 464; *Smith* v. *Browning,* 225 N. Y. 358; *Lese* v. *Lawson,* 118 App. Div. 254.) The sublease was a new, different and seriously prejudicial incumbrance. (*Andrews* v. *Perry,* 127 Misc. Rep. 320; *Bohan* v. *Port Jervis,* 122 N. Y. 18.)

*Augustus L. Richards, Oscar R. Ewing* and *Harold L. Smith* for James E. Squires, defendants-respondents. Appellant's title was unmarketable because of the State transfer taxes and Federal inheritance taxes. (*Kinnier* v. *Rogers,* 42 N. Y. 531; *Matter of Hazelton,* 77 Misc. Rep. 419; *Matter of Ramsdill,* 190 N. Y. 492; *Matter of Pennfiold,* 216 N. Y. 163; *Midurban Realty Corp.* v. *F. Dee & L. Realty Corp.,* 247 N. Y. 307; *Carey* v. *Keith, Inc.,* 250 N. Y. 216; *Smith* v. *Browning,* 225 N. Y. 358; *Simond* v. *Rowe,* 110 Misc. Rep. 52; *Warner* v. *Doscher,* 213 App. Div. 117; 241 N.Y. 605; *Lese* v. *Lawson,* 118 App. Div. 254;

*Kitching* v. *Shear*, 26 Misc. Rep. 436.) Even if the premises were not subject to tax liens, the title was unmarketable on the closing date because the taxes had not been fixed or paid. (*Moore* v. *Williams*, 115 N. Y. 586; *Cerf* v. *Diener*, 210 N. Y. 156; *Chesebro* v. *Moers*, 233 N. Y. 75; *Dyker Meadow L. & Imp. Co.* v. *Cook*, 159 N. Y. 6; *McPherson* v. *Schade*, 149 N. Y. 16; *Crouter* v. *Crouter*, 133 N. Y. 55; *Smith* v. *Browning*, 225 N. Y. 358; *Midurban Realty Corp.* v. *F. Dee & L. Realty Corp.*, 247 N. Y. 307.) Appellant's title was unmarketable because of the sublease. (*Forster* v. *Scott*, 136 N. Y. 577; *Bull* v. *Burton*, 227 N. Y. 101; *Paddell* v. *Jones*, 84 Misc. Rep. 212; *Eten* v. *Luyster*, 60 N. Y. 262; *Ashton Holding Co., Inc.*, v. *Levitt*, 191 App. Div. 91; *Rhinelander Real Estate Co.* v. *Cammeyer*, 216 App. Div. 299.)

POUND, J.   This is an appeal from the final judgment entered on the order of the Appellate Division, First Department, affirming a judgment of the Supreme Court, which (1) awarded recovery against defendant Viane and in favor of the plaintiff on her claim for money paid upon a contract for the purchase of real property and for the cost of the title search and expenses; (2) dismissed defendant Viane's counterclaims against the plaintiff and the impleaded codefendants for reformation of the contract and specific performance thereof, and (3) impressed a lien on the premises involved for the amount of the recovery.

The question involved on this appeal is whether appellant had marketable title to certain premises on March 23, 1926.

On November 18, 1925, appellant and respondent Squires entered into a contract for the sale by the former to the latter of premises at 816 Broadway, New York city. Appellant agreed to convey the fee simple of the premises free of all incumbrances with certain exceptions not material here.   The closing of the title to the premises

was later adjourned to March 23, 1926. On that date respondent A. T. Realty Co., Inc., assignee of respondent Squires, refused to take title to the premises upon the ground that appellant's title was unmarketable because of unpaid State transfer taxes and Federal inheritance taxes and a sublease. The premises contracted to be sold were purchased by appellant in February, 1925, from the executors of the estate of Thomas T. Sturges, deceased, who died in October, 1923. An undivided one-third interest therein was part of the residuary estate disposed of by his will. The will gave the executors a discretionary power of sale over all of the decedent's real property and directed that all taxes on bequests therein should be paid out of the residuary estate. At the time of the sale to appellant, $27,527.82 had already come into the hands of the executors. The total amount necessary to pay administration, funeral and other expenses, *including the taxes*, was only $15,063.68. The amount necessary to pay such expenses *and* the specific cash legacies was $40,260.75. The trial court found that it was necessary to sell the property involved in this suit in order to pay administration expenses, debts, taxes and specific cash legacies of the estate. However, there is no finding that the sale was necessary to pay *only the taxes*. The contrary is shown by the facts just stated. The executors eventually distributed $10,655.70 to the residuary legatees.

The report of the State Transfer Tax Appraiser was not made or filed until November 10, 1926, and the State transfer taxes were not fixed until November 22, 1926, and were not paid until December 13, 1926. The last payment of Federal inheritance taxes was not made until July 9, 1926. The account of the executors was not judicially settled until July 29, 1927.

The State and Federal taxes were among the exceptions set forth in a title certificate issued by Title Guarantee and Trust Company, dated January 21, 1925, certifying title to the premises in the Sturges executors clear of incum-

brances and defects except as therein noted. A similar exception was made in a title certificate issued by Lawyers Title and Guaranty Company to A. T. Realty Co., Inc., about March 8, 1926.

The contract of sale was subject to a lease for the northerly part of the basement for a term of three years commencing May 1, 1925, and this lease was examined by the representative of the purchaser before the contract was signed. This lease contained the following provisions: " to be used and occupied by the Tenant Collar business."

\*    \*    \*    \*    \*    \*    \*

" That the Tenant shall not  \*  \*  \* under-lease the premises, or any part thereof, or make any alterations on the premises, without the Landlord's consent in writing  \*  \*  \*."

The lessees occupied the leased premises as a basement store. On November 24, 1925, the lessees, without the consent of respondents Squires or A. T. Realty Co., Inc., sublet for a term of twenty-nine months commencing December 1, 1925, a portion of the leased premises to be occupied as a stand for the sale of frankfurters, candy, cigars and all kinds of soft drinks and fruits, and the sublessee occupied the subleased portion of the premises for such purposes from about December 1, 1925, down to and including March 23, 1926, the closing date. The front window of the subleased portion of the premises was removed and replaced by an open stand. The sub-lease was made with the written consent of appellant, given about June 13, 1925. The testimony of the purchaser's agent was to the effect that the purchaser had no knowledge of the consent to sublease prior to the signing of the contract. There was no understanding between the parties to the contract of sale that the premises would be taken subject to the taxes or the sublease, which were not mentioned in the contract.

Tax Law (Cons. Laws, ch. 60), section 220, reads as follows:

" Taxable transfers — residents. A tax shall be and is hereby imposed upon the transfer of any property real or personal, or of any interest therein   *   *   *

" 1. When the transfer is by will or by the intestate laws of this state from any person dying seized or possessed thereof while a resident of the state."

Tax Law, section 222, reads as follows:

"Accrual and payment of tax.  All taxes imposed by this article shall be due and payable at the time of the transfer, except as herein otherwise provided   *   *   *."

Tax Law, section 224, reads in part as follows:

" Lien of tax and collection by executors, administrators and trustees.  Every such tax shall be and remain a lien upon the property transferred until paid   *   *   *."

" Every executor, administrator or trustee shall have full power to sell so much of the property of the decedent as will enable him to pay such tax in the same manner as he might be entitled by law to do for the payment of the debts of the testator or intestate.   *   *   *"

Appellant contends that, although on the closing day of the contract the transfer tax might otherwise have been an incumbrance on the premises, it was not a lien upon defendant Viane's property and was not a valid objection to the taking of title, for the reason that in the proper administration of the estate, it was necessary for the Sturges' executors to sell this property in order to realize sufficient cash with which to pay the expenses of administration, debts, taxes and specific cash legacies of his estate; that the sale was, therefore, made free and clear from such incumbrance; and that the lien attached only to the fund realized from the sale.

This conclusion is reached by the following line of reasoning: So much of the estate as goes to pay the tax is free from the tax and its lien.  The property disposed of to pay the transfer tax is not a part of the interest or property transferred within the meaning of section 220 of the Tax Law.  (*Matter of Meyer*, 209 N. Y. 386, 391.)

Therefore, as the real property contracted to be sold was a part of the general estate of the testator and the sale, under a discretionary power of sale, was for the purpose of establishing the residuary estate out of which the tax was payable, the lien attaches only to the fund realized. (*Brown* v. *Lawrence Park Realty Co.*, 133 App. Div. 753.)

If we give section 224 of the Tax Law its widest significance, it merely authorizes the executor to sell, free from the lien, so much of the testator's property as will supply the necessary funds, otherwise lacking, to enable him to pay such tax. If the real estate had been specifically devised, it might have been necessary to sell it to pay the taxes which were a lien on it (*Smith* v. *Browning*, 225 N. Y. 358), but here the taxes were payable out of the residuary estate. The sale was made under the discretionary power of sale in the regular course of the administration of the estate.

The real estate herein was "property transferred" by testator's will and the tax remains a lien upon it until paid. No evidence indicates that the sale was effected for the purpose of enabling the executors to pay the transfer tax or was necessary for that purpose, except in connection with debts, expenses of administration and legacies. (*Midurban Realty Corp.* v. *F. Dee & L. Realty Corp.*, 247 N. Y. 307, 309.) The executors had abundant funds on hand to pay the tax, debts and expenses of administration. The testator's direction that all taxes on bequests should be paid out of the residuary estate did not release the lien of the State on specific property. As long as the tax remained unfixed and unpaid, the realty was not marketable. (*Smith* v. *Browning*, *supra*.) The doctrine of equitable conversion may not be relied on to subject property to taxation or to shift the lien of the tax from the real property transferable to the fund. (*Matter of Sutton*, 3 App. Div. 208; affd., 149 N. Y. 618; *Matter of Swift*, 137 N. Y. 77.)

Section 409 of the United States Revenue Act of 1921,

which was in force at the time of the death of Sturges, provides: "That unless the tax is sooner paid in full, it shall be a lien for ten years upon the gross estate of the decedent, except that such part of the gross estate as is used for the payment of charges against the estate and expenses of its administration, allowed by any court having jurisdiction thereof, shall be divested of such lien." This statute differs from the State Tax Law in that the lien is upon the gross estate and not on each interest bequeathed. (*Smith* v. *Browning, supra.*) The statutory lien is removed only as to assets needed to pay charges against the estate and administration expenses "allowed by any court having jurisdiction thereof." No such allowance had been made in this case on the closing day. The lien of the Federal inheritance tax clearly attached to the premises in suit.

Provision is or may be made in proper cases for a release of the lien by the taxing officers but nothing of the kind is here claimed.

With this disposition of the case, it is unnecessary to say more in reference to the sublease except that the court might well refuse specific performance in a case where the sublease was made after the execution of the contract which materially altered for the worse the nature of the occupancy and the appearance of the premises, even though the sublease, being lawfully made, was not, strictly speaking, an incumbrance. Here the occupancy of the premises contemplated by the parties was that of a collar store, not a hot dog stand.

The contract specifically provides that all sums paid on account thereof and the reasonable expense of the examination of the title of the premises should be liens.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed.