ROBERT H. McCURDY & another, executors, *vs.* ROBERT H. McCURDY & another, trustees, & others.

Middlesex.     December 4, 1907. — February 24, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Tax,* On collateral legacies and successions.     *Equitable Conversion.*     *Executor and Administrator.*

The only ground on which the tax provided by R. L. c. 15, § 1, relating to the taxation of collateral legacies and successions, can be imposed upon the succession to property of a non-resident testator is that the property is within the jurisdic-

tion of this Commonwealth at the time of the testator's death ; and, where such a testator dies leaving real estate in this Commonwealth subject to a mortgage, the value of the testator's interest in the real estate at the time of his death is only the value of the equity of redemption, and that alone is subject to the tax.

The law of equitable conversion ought not to be invoked merely to subject property to taxation, especially when the question to be determined is one of jurisdiction over property as between States.

A testator domiciled in another State died seised of real estate in this Commonwealth which was subject to a mortgage held by a creditor here, and also left other property insufficient in amount to satisfy the mortgage. The executor of the will brought a bill in equity for instructions as to whether the tax on collateral legacies and successions, provided by R. L. c. 15, § 1, should be assessed upon the value of the real estate without deducting the amount of the mortgage or only upon the value of the equity of redemption. *Held*, that the executor could not be compelled to bring the proceeds of personal estate from the place of domiciliary administration in another State to pay off the mortgage here in order to leave the property free from incumbrance and subject to a tax on its full value.

BILL IN EQUITY by the executors under the will of John Albro Little for instructions, filed in the Probate Court for the county of Middlesex September 26, 1907.

On appeal the case was heard in this court before *Hammond*, J., who reserved it for the consideration of the full court. The facts are stated in the opinion.

*W. B. Durant*, for the trustees and others.

*D. Malone*, Attorney General, *&* *F. T. Field*, Assistant Attorney General, for the treasurer and receiver general of the Commonwealth.

KNOWLTON, C. J. This is a bill for instructions to the plaintiffs as executors of the will of John Albro Little, late of Morris Plains in the State of New Jersey, deceased. The testator left real estate in Massachusetts whose value, as appraised, if free from encumbrances, is $241,000. This is subject to a mortgage to the Cambridge Savings Bank of $120,000 and interest. He also left personal estate here to the amount of about $9,000, and an undivided interest in other real estate, which was appraised at about $12,000. In regard to this interest and the personal estate no question arises. The question before us is whether the collateral inheritance tax to be paid under the R. L. c. 15, §1, shall be computed upon the value of the property without deduction for the encumbrance of the mortgage, or upon the value of the equity of redemption.

The testator was a non-resident, and by the terms of the statute the tax on the succession is only upon "property within the jurisdiction of the Commonwealth." The property in question is subject to a lien in favor of a Massachusetts creditor of the testator. The value of the testator's interest in it at the time of his death was only the value of the equity of redemption. The savings bank is entitled to be paid out of the real estate if not paid otherwise. If it should proceed to collect its debt by an action at law against the executors, they would be obliged, acting only in their official capacity under their appointment in Massachusetts, to obtain a license to sell this real estate for the payment of the debt, in which case all that would remain within the jurisdiction of the Commonwealth would be the excess of the proceeds of the real estate above the amount of the indebtedness under the mortgage. If the savings bank should foreclose its mortgage by a sale, the result would be the same.

The Attorney General, in behalf of the treasurer and receiver general of the Commonwealth, contends that the doctrine of equitable conversion and exoneration should be applied to relieve the land from the encumbrance of the mortgage, and that the executors should bring the proceeds of personal estate from the place of domiciliary administration in New Jersey and apply it to the payment of the debt here, so as to leave the land, free from the encumbrance, within the jurisdiction of the Commonwealth.

The answer to this contention is, first, that the rights and obligations of all parties in regard to the payment of a tax of this kind are to be determined as of the time of the death of the decedent. This has been settled by our decisions. *Hooper* v. *Bradford*, 178 Mass. 95. *Howe* v. *Howe*, 179 Mass. 546. *Kingsbury* v. *Chapin*, 196 Mass. 533. Secondly, the law of equitable conversion ought not to be invoked merely to subject property to taxation, especially when the question is one of jurisdiction between different States. In *Custance* v. *Bradshaw*, 4 Hare, 315, 325, it was said that "equity would not alter the nature of the property for the purpose only of subjecting it to fiscal claims to which at law it was not liable in its existing state." In *Matter of Offerman*, 25 App. Div. (N. Y.) 94, the court says that equitable conversion should not be invoked

merely for the purpose of subjecting the property to taxation. To the same effect is *Matter of Sutton,* 3 App. Div. (N. Y.) 208; affirmed in 149 N. Y. 618. In Pennsylvania a different rule is established. *Handley's estate,* 181 Penn. St. 339.

The only ground on which such a tax can be imposed upon the succession to property of a non-resident is that the property is within the jurisdiction of the Commonwealth. For the purpose of increasing the amount within our jurisdiction the executors or administrators here cannot be compelled to bring the proceeds of personal estate from the place of domiciliary administration in another State, to pay debts of Massachusetts creditors, secured by a mortgage or lien upon land in this Commonwealth. Indeed, if the ancillary administrators were different persons from the domiciliary administrators or executors, they could not obtain such proceeds for such a use in a foreign State. If the property subject to ancillary administration was not enough to pay local creditors, these creditors would be obliged to resort to the domiciliary administrator.

In this State and in New York it is decided that personal property within the jurisdiction of a foreign State is subject to a succession tax in the place of the decedent's domicil. *Frothingham* v. *Shaw,* 175 Mass. 59. *In re Swift,* 137 N. Y. 77. *Matter of Curtis,* 142 N. Y. 219. This doctrine furnishes a strong implication that personal property in the decedent's domicil should not be used to relieve property subject to a succession tax under the ancillary administration of another State by discharging liens upon it for the purpose of increasing this succession tax. The tax is to be estimated in reference to the property that is within the jurisdiction of the Commonwealth at the time of the testator's death. *Callahan* v. *Woodbridge,* 171 Mass. 595. *Greves* v. *Shaw,* 173 Mass. 205. *Moody* v. *Shaw,* 173 Mass. 375.

The precise point before us has been decided in New York adversely to the contention of the Attorney General, although, under the laws of that State, the relative rights and obligations of mortgagors and mortgagees are not exactly the same as in Massachusetts. *Matter of Skinner,* 106 App. Div. (N. Y.) 217. *Matter of Sutton,* 3 App. Div. (N. Y.) 208. See also *Matter of Strong,* 17 N. J. Law J. 234.

In Kingsbury v. Chapin, 196 Mass. 533, the right of an ancillary administrator to transmit personal property for the payment of debts in the place of the domiciliary administration in the same proportion as the property there is needed and used for a like purpose, is recognized. This is because assets, after paying local debts, may always be transmitted to the domiciliary administrator. They may be used by him for paying debts, or if not needed for that purpose they will be distributed. But so much of them as is needed for the payment of debts does not pass in succession, and cannot properly be taxed. This rule does not suggest the transmission of personal property from the place of original administration for the payment of debts in the place of ancillary administration.

We are of opinion that the amount of the indebtedness under the mortgage is to be subtracted from the value of the real estate, to determine the amount on which the tax should be computed. See *Kingsbury* v. *Chapin, ubi supra.*

*So ordered.*