STATE OF MARYLAND and HOWARD W. JACKSON,
Register of Wills of Baltimore City, Agent of
the State of Maryland,

*vs.*

F. IRVIN FUSTING, Executor of the Last Will and
Testament of Augusta Stowman.

*Collateral inheritance tax: Section* 120 *of Article* 81 *of the
Code; lands in other States; not taxable; principle of
conversion, not applied to proceeds of sale
under will.*

Under Section 120 of Article 81 of the Code, a resident's
real estate that is located in a foreign jurisdiction is not taxable
under the collateral inheritance law. p. 354

Where such real estate is sold under the provisions of a will,
the principle of equitable conversion is not applied for the pur-
pose of making the proceeds taxable. p. 354

*Decided April 9th, 1919.*

Appeal from the Superior Court of Baltimore City.
(GORTER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE,
BURKE, THOMAS, PATTISON, URNER and CONSTABLE, JJ.

*Albert C. Ritchie, Attorney General,* and *Ogle Marbury,
Assistant Attorney General,* for the appellants.

*William J. O'Brien, Jr.,* and *Willis R. Jones,* for the
appellee.

BURKE, J., delivered the opinion of the Court.

Augusta Stowman, a resident of Baltimore City, died leaving a last will and testament which was duly admitted to probate by the Orphans' Court of Baltimore City. After making certain specific bequests, she authorized and directed her executor, who is the appellee on this record, to sell all the rest and residue of her estate, and to divide the proceeds thereof among certain collateral relatives mentioned in the eighteenth item of her will. A portion of the residuary estate of the testatrix mentioned in that item of the will consisted of real estate in the State of Arkansas, which was sold by the executor under the power contained in the will. Upon this real estate, which was held in fee simple by the testatrix, the executor was required by the State of Arkansas to pay an inheritance tax. It is shown by the fourth account of the executor, filed in the Orphans' Court of Baltimore City, that the proceeds of the sale of the real estate situated in the State of Arkansas, amounted to $6,302.77. The State claimed that this sum, the proceeds of the Arkansas real estate, was liable to the collateral inheritance tax under the provisions of Article 81, section 120 of the Code. This claim was disputed by the executor, and suit was brought by the State and Howard W. Jackson, the Register of Wills of Baltimore City as agent of the State, for the recovery of the tax. To the declaration, which set forth the facts we have stated, the executor demurred, and the Court sustained the demurrer with leave to amend. The plaintiffs declined to amend, and judgment was entered in favor of the defendant for costs. From this judgment this appeal was taken.

The Statute (Article 81, section 120 of the Code) imposing a collateral inheritance tax provides that:

> "All estates, real, personal and mixed, money, public and private securities for money of every kind passing from any person *who may die seized and possessed thereof, being in this State* * * * to any person or persons, bodies politic or corporate, in trust or otherwise, other than to or for the use of the father, mother,

> husband, wife, children and lineal descendants of the
> grantor, bargainor, testator, donor or intestate, shall
> be subject to a tax of five per centum on every hun-
> dred dollars of the clear value of such estates, money
> or securities."

This statute has been considered by this Court in a number of cases (*Tyson* v. *State*, 28 Md. 578; *State* v. *Dalrymple*, 70 Md. 298; *Fisher, Trustee*, v. *State*, 106 Md. 104; *Helser* v. *State*, 128 Md. 228); but in none of these cases was the question presented by this appeal considered or decided. In *Dalrymple case, supra*, the property which was held to be subject to the tax *was actually* located in Maryland, but had been owned by a resident of California, who had died leaving a will by which the property was bequeathed to a resident of that State. In the course of the opinion in that case, JUDGE McSHERRY said: "A careful examination of the several sections of Article 81 of the Code, relating to this subject, has brought us to the conclusion that the tax is payable out of the estate of a deceased non-resident when property owned by him is actually within the State; and that it is payable out of the estate of a deceased resident when his property is *actually*, or *in legal contemplation, situated here;* provided, of course, in both instances the property passes to a person other than the father, mother, husband, wife, children or lineal descendants of the decedent." It was further held in that case that the tax was "on the transmission of the property 'being in the State,' and no reason has been assigned or can be suggested why the broad language of the statute and the evident design of the Legislature should be so narrowed and restricted as to exempt from this tax the property of a non-resident actually here, notwithstanding the same property may, for other purposes, be treated as constructively else-where." The Court was there dealing with personal property actually situated here and in the hands of the administrator ready for delivery to the legatee under the will of the non-resident decedent.

In *Fisher, Trustee,* v. *State,* 106 Md. 104, JUDGE BRISCOE
said: "The manifest intention of the Legislature was to tax
the transmission of all property to collaterals situate in the
State, as provided by the statute, and to require the payment
of the tax as a premium for the enjoyment of the benefit
thereby secured." In *Helser* v. *State, supra,* the Court was
dealing with property situated in this State of a non-resident
decedent, and applied, as all our cases have, the principles
announced in *Dalrymple case.*

The obligation of the executor to pay this tax must be deter-
mined as of the time of the death of Mrs. Stowman. Before
that duty can be imposed, the Court must hold that the prop-
erty was in legal contemplation in this State at the date of
her death for, under the statute and authorities, it is only
upon the transmission to collateral relatives of property situ-
ated in this State of which the deceased dies seized and pos-
sessed that the tax is imposed, or, as expressed in the statute,
property "passing from any person who may die seized and
possessed thereof, being in this State." It is not claimed,
that if the Arkansas property owned by the testatrix at the
time of her death were real estate, it would be subject to the
tax, because the authorities are all agreed that the real estate
of a resident decedent located in a foreign jurisdiction is not
taxable. *In re Swift Estate,* 137 N. Y. 77; S. E. 32 N. E.
1096; *Gallup's Appeal,* 76 Conn. 617, S. C. 57 Atl. 699;
*The People* v. *Kellogg,* 268 Ill. 489. But it is contended
that the real estate in Arkansas by reason of the direction to
sell contained in the will must be treated, upon the principle
of equitable conversion, as personal property, and in this way
made liable to the tax. In *Gleason and Otis on Inheritance
Taxation,* page 237, it is said that: "The cases are also sub-
stantially unanimous in holding that even though the testa-
tor directs the sale of foreign real estate and the payment of
money legacies out of the proceeds, the doctrine of equitable
conversion is not applicable in the law of inheritance taxa-
tion." In *McCurdy* v. *McCurdy,* 197 Mass. 248: 83 N. E.
881, the Court declined to apply the doctrine of equitable

estoppel in the law of inheritance taxation, saying "the law of equitable conversion ought not to be invoked merely to subject property to taxation, especially when the question is one of jurisdiction between different States. In *Custance* v. *Bradshaw,* 4 Hare, 315-325, it was said that, 'Equity would not alter the nature of the property for the purpose only of subjecting it to physical claims to which at law it was not liable in its existing state.' In *Matter of Offerman's Estate,* 25 N. Y. App. Div. 94, 48 N. Y. Supp. 993, the Court said that equitable conversion should not be invoked merely for the purpose of subjecting the property to taxation. To the same effect is *Matter of Sutton,* 3 N. Y. App. Div. 208, 38 N. Y. Supp. 277, affirmed in 149 N. Y. 618, 44 N. E. 1128.

*In re Swift's Estate,* 137 N. Y. 77: 32 N. E. 1096, the doctrine of equitable conversion was urged, but the Court declined to apply it. The Court said: "Nor is the argument available that, by the power of sale conferred upon the executors, there was an equitable conversion worked of the lands in New Jersey as of the time of the testator's death; and hence that the property sought to be reached by the tax, in the eye of the law, existed as cash in this State, in the executor's hands, at the moment of the testator's death. There might be some doubt whether the main proposition in the argument is quite correct, and whether the land did not vest in the residuary legatees, subject to the execution of the power of sale. But it is not necessary to decide that question. Neither the doctrine of equitable conversion of lands, nor any fiction of *situs* of movables, can have any bearing upon the question under advisement. The question of the jurisdiction of the State to tax is one of fact, and can not turn upon theories or fiction, which, as it has been observed, have no place in a well-adjusted system of taxation."

In *Connell* v. *Crosby,* 210 Ill. 380: 71 N. E. 350, a resident of Illinois died seized of real estate in other States. He directed the sale of his real estate in the foreign jurisdictions for the purpose of creating a fund for the foundation of a

college. It was attempted, upon the principle of equitable conversion, to subject the proceeds of the sale of the real estate situated outside of Illinois to the inheritance tax law of that State. This the Court refused to do. The Court said: "The will directs the conversion of the real estate into money for the purpose of creating a fund to be devoted to the establishment of the college, and it is argued that under the doctrine of equity the land is to be regarded as converted into personalty, and it is urged that the bequest of the proceeds of the sale of the real estate is subject to the tax, as being personalty. The doctrine of equitable conversion is an outgrowth of the maxim of equity that in a Court of Equity that which ought to have been done is to be regarded as done. The doctrine of equitable conversion is recognized in equity only, and is not given effect in courts of law. 7 *Am. & Eng. Ency. of Law* (2nd Ed.) 465. It can not be applied in proceedings for the collection of inheritance or succession taxes."

The courts of Pennsylvania take a contrary view, but their holding is not in harmony with the authorities in other States and in England, and so far as we have been able to discover it is the only State in the Union which has applied the principle of equitable conversion in the law of succession taxation, and it did this, as appears in *Re Handley's Estate,* 181 Pa. St. 339 : 37 Atl. 587, with some hesitation.

Our conclusion is that the real estate of Mrs. Stowman situated in Arkansas was not made subject to the collateral inheritance tax by the direction to sell contained in her will, and, being real estate owned by her at the time of her death and situated in a foreign jurisdiction, neither it nor the money realized from its sale is taxable under the law of this State. It follows from this holding that the judgment must be affirmed.

*Judgment affirmed.*