# BALTIMORE CITY COURT.

Filed March 13, 1923.

STATE OF MARYLAND
VS.
SAFE DEPOSIT AND TRUST COMPANY OF BALTIMORE, ADMINISTRATOR OF SAMUEL R. VICKERS, DECEASED.

*Alexander Armstrong* and *Allen H. Fisher* for plaintiff.

*Hershey, Machen, Donaldson & Williams* for defendant.

FRANK, J.—

A special case stated was submitted to the Court for its opinion, pursuant to Sections 54 and 55 of Article 75 of Bagby's Annotated Code. The question at issue may be simply stated. It

is as follows: Is income from personal estate, received by the administrator of a Maryland intestate and distributed to collaterals, subject to the collateral inheritance tax in addition to the tax on the appraised value of the corpus of the personal estate? The answer to this question is to be found in the interpretation to be put on Sections 120, 121 and 122 of Article 81 of the Code.

For a number of years prior to 1908 the rate of collateral inheritance tax has been 2½ per cent. By Chapter 695 of the Acts of 1908, an amendment to what is now Section 120 of Article 81 was enacted increasing the rate of tax to 5 per cent. Although what is now Section 121 provided also for the rate of 2½ per cent. this section was not amended, but by Bagby's Annotated Code 5 per cent. was substituted for 2½ per cent., and this Code was legalized and made evidence of the law by the Act of 1914, Chapter 16. This apparent discrepancy becomes of no importance in the view that I have taken of this case.

Defendant's able and ingenious argument is based upon the proposition that by the language of Section 120 of Article 81 the tax is imposed only *on estates passing from any person* who may die seized and possessed thereof. The argument is made that it is the estate only as it existed at the time of decedent's death that is so taxable and that, as income, thereafter accruing, was not then a part of the estate, it cannot be made the subject of the tax. It is further argued that the language of Section 121 requiring the executor or administrator to pay the tax on every hundred dollars that he may hold for distribution among the distributees or legatees, cannot operate to extend or enlarge the estate subject to taxation. Defendant relies on State vs. Fusting, 134 Md. 349, as supporting this view.

In that case the Court of Appeals held that the proceeds of real estate in Arkansas belonging to a Maryland testatrix, sold under a mandatory power in her will and held by her executor for distribution to collaterals was not subject to the tax in Maryland. The Court had in previous cases uniformly held that the tax is payable only on property actually or in legal contemplation situated in Maryland. In State vs. Fusting, the Court

held that the proceeds of the sale of Arkansas real estate, even after being brought into Maryland for distribution, could not be so considered. Thus, it was determined that such proceeds were not estate "being in this State" within the meaning of Section 120. That is all that this case decided.

The opinion in Fisher, Trustee, vs. The State, 106 Md. 104, is, it seems to me, conclusive of the question involved in this case. In that case, property had been devised and bequeathed in trust for testator's widow for life and upon her death for such persons as she might appoint by will. She appointed to a corporation and, therefore, the estate passing to the corporation became liable to the collateral inheritance tax. The estate had more than doubled in value between the death of the testator and that of his widow. On which valuation was the tax to be paid? The Court held that the tax should be paid on the value of the estate at the time it passed to the corporation. Said the Court at page 121 of the opinion:

"The tax is imposed upon the clear value of all estates passing by will or otherwise, *at the time it is transferred and received by the collateral beneficiary.*"

"The tax is on the transmission of the property, and *upon the estate the beneficiary is to receive and enjoy.* There could be no transfer or enjoyment of the property, by the beneficiary in this case until the death of Mrs. Johnston (the widow), and this being so the collateral inheritance tax was payable, upon the clear value of the estate, at her death, and *at the time* the collateral beneficiary received the benefit of the bequest and devise under the will. In other words, the tax is imposed upon the clear value of the estate, *at the 'passing and transferring'* of the estate to the collateral beneficiary."

This conclusion was reached under the language of Section 120 without resorting to Section 121.

The Court seems to have taken especial pains to state as clearly as possible the rule that the tax is payable upon the clear value of the estate as and when it passes to the collateral. Can it make any difference under this language whether the enhancement in the value of the estate was due to the

accumulation of income rather than an increase in the value of the corpus? The clear statement above quoted seems to preclude any distinction.

In State vs. Dalrymple, 70 Md. 295, the Court through Judge McSherry, in including income in the amount of the estate upon which the tax was declared payable, tacitly held that such income was taxable. See pages 297 and 305 of the opinion.

This view is strengthened in cases of intestacy, like the present, by the rule of law that a collateral distributee is entitled to no income from his share until after the expiration of twelve months after the decedent's death, and that any income of the estate for that period which he may ultimately receive, he receives as principal and not as income. Under such circumstances, it is appropriate that the income also should be subject to the collateral inheritance tax which is made expressly payable within thirteen months after the decedent's death. (Art, 81, Sec. 123). Certainly, in this class of cases, the principal of the estate passing to the distributee has an enhanced value at the time it so passes just as clearly as in the case of Fisher, Trustee, vs. State, *supra.*

The precise question involved in this case seems never to have been before the Courts of this State. There has, however, been a uniform practice on the part of the Register of Wills in every county in the State to collect collateral inheritance tax on income as well as principal passing to collaterals. In Baltimore City the general practice seems to have been otherwise. Two Attorney Generals of Maryland, Ritchie (4 Attorney General's Report and Opinions, 1501) and Armstrong (6 Ibid. 539), have each rendered opinions holding such income taxable.

I am, therefore, of the opinion that the $5,522 income accrued and received upon the personal estate of Samuel R. Vickers since his death is taxable under the provisions of Section 120 of Article 81 at the rate of 5 per cent. This conclusion renders it unnecessary to consider the effect of the failure in the Act of 1908 to change the rate of 2½ per cent. to 5 per cent. in Section 121, as above recited.

In accordance with the provisions of paragraph 2 of the agreement of the 10th day of February, 1923, stating and submitting this case, judgment will be entered in favor of the plaintiff for the sum of $250.30, and costs.