318 P.2d 223 (1957)
In the Matter of the ESTATE of George A. BRIEBACH, Deceased.
The STATE of Montana, Appellant,
v.
Fred L. KISTNER, as Administrator with the Will Annexed of the Estate of George A. Briebach, deceased, Respondent.
No. 9382.
Supreme Court of Montana.
Submitted June 3, 1957.
Decided September 30, 1957.
Rehearing Denied December 10, 1957.
Arnold H. Olsen, former Atty. Gen., Forrest H. Anderson, and William F. Crowley, Asst. Atty. Gen.,Lyman J. Hall, Deputy Asst. Atty. Gen. & Tax Counsel Bd. of Equalization. H.O. Vralsted, Special Asst. Atty. Gen., argued orally for appellant.
Vard Smith, Gibson Berg & Pfohl, Livingston, Ben E. Berg, Jr., Livingston, argued orally for respondent.
ANGSTMAN, Justice.
This is an appeal by the state from an order fixing an inheritance tax.
Decedent, George A. Briebach, had been a resident of Park County, Montana, but had moved to the State of California, where he resided at the time of his death on November 9, 1951. During his lifetime he entered into two written agreements. In one agreement he contracted to sell one tract of land situated in Montana for $31,500 payable in installments. At the time of his death there remained due and unpaid on this contract the sum of $15,750.
*224 In the other agreement he contracted to sell another tract of land also situated in Montana, for $29,000 payable in installments.
At the time of his death there was due and unpaid on that contract the sum of $23,000. Deeds were deposited in escrow in a bank in Livingston with instructions to deliver them to the purchaser upon payment of the balance of the purchase price.
Decedent left a will devising and bequeathing all of his property to his wife, Hannah Eckles Briebach.
The only question presented by the appeal is whether the rights passing to the widow under the contracts for sale above referred to must be included in the gross value of the estate subject to an inheritance tax. The district court ruled against its inclusion and this the state contends was error.
Defendant contends that the court's ruling is commanded by our statute and relies on R.C.M. 1947, section 91-4413, reading:
"The tax imposed by sections 91-4401 to 91-4411, 91-4421 and 91-4425 in respect of personal property, except tangible personal property having an actual situs in this state, shall not be payable:
"(1) If the decedent is a resident of a state or territory of the United States which at the time of the transfer did not impose a transfer tax or death tax of any character in respect of personal property of residents of this state, except tangible personal property having an actual situs in that state or territory; or
"(2) If the laws of the state or territory of residence of the nonresident decedent at the time of the transfer contained a reciprocal provision under which nonresidents of that state were exempted from transfer tax or death taxes of every character in respect of personal property, except tangible personal property having an actual situs in that state, providing the state or territory of residence of such nonresident decedent allowed a similar exemption to residents of this state."
California has a reciprocal statute, being section 13851 of the Revenue and Taxation Code, reading:
"Intangible personal property is exempt from the tax imposed by this part if the decedent at the time of his death was a resident of a Territory or another State of the United States or of a foreign state or country which then imposed a legacy, succession, or death tax in respect to intangible personal property of its own residents, but either:
"(a) Did not impose a legacy, succession, or death tax of any character in respect to intangible personal property of residents of this State; or
"(b) Had in its laws a reciprocal provision under which intangible personal property of a nonresident was exempt from legacy, succession, or death taxes of every character if the Territory or other State of the United States or foreign state or country in which the nonresident resided allowed a similar exemption in respect to intangible personal property of residents of the Territory or State of the United States or foreign state of country or residence of the decedent."
The determinative question then is: Is the right of the widow to the unpaid purchase price of the land intangible personal property?
R.C.M. 1947, section 91-4453, so far as pertinent here, defines intangible property as follows:
"`Intangible' or `intangible property' when used in this act without other qualifications, shall be taken to include all moneys, stocks, bonds, notes, securities and credits of all kinds, secured or unsecured."
The interest of a vendor in a contract to sell real estate is intangible property. He holds the title of the real estate as security for the purchaser's obligation to pay the purchase price. Kern v. Robertson, 92 Mont. 283, 12 P.2d 565; Calvin v. Custer County, 111 Mont. 162, 107 P.2d 134; Epletveit v. Solberg, 119 Mont. 45, 169 P.2d 722. The same rule prevails in California. See Retsloff v. Smith, 79 Cal. App. 443, 249 P. 886; Sherman v. Quinn, 31 *225 Cal. (2d) 661, 192 P.2d 17; In re Estate of Reid, 26 Cal. App. (2d) 362, 79 P.2d 451.
The interest of the vendor is treated as personalty. Calvin v. Custer County, supra.
The interest is intangible personal property and under the facts here involved is not subject to the inheritance tax. The rule is stated in Kidder, State Inheritance Tax and Taxability of Trusts, page 242, as follows:
"* * * one must have in mind that the sale of real estate by a vendor under a contract for a deed works an equitable conversion, whereby the vendor holds the title to the real estate as trustee for the vendee, and as security for the payment of the balance of the agreed purchase price; that in the event of the death of the vendor, his interest, which is now intangible personalty, goes to his administrators and not to his heirs, and upon the death of the vendee, his interest in the land by virtue of the contract is deemed realty, and goes to his heirs at law and not to his legal representatives.
"It becomes apparent that upon the death of a nonresident decedent his interest in real estate in the foreign state which he had sold under a contract for a warranty deed was intangible personal property at his death, he only holding the title to the real estate as trustee for the vendees and to secure the balance of the purchase price, the equitable title being in the vendee. Under this situation, such nonresident decedent's interest in lands equitably converted in other states would not be subject to tax."
The interest of the vendor is analogous to that of the holder of a note secured by a mortgage on real estate. In such a case the transfer is subject to an inheritance tax by the state of the domicile of the holder of the note regardless of the location of the real estate. Baldwin v. State of Missouri, 281 U.S. 586, 50 S.Ct. 436, 74 L.Ed. 1056.
The case of In re Eilermann's Estate, 179 Wash. 15, 35 P.2d 763, involved the same question which we have before us, and the court ruled that the vendor's interest in a contract for the sale of real estate is personal property with its situs for inheritance tax purposes at the domicile of the vendor. The court in that case also ruled that the interest was not subject to an inheritance tax in the State of Washington because of reciprocal statutes similar to those of Montana and California. To the same effect is the later case of In re Plasterer's Estate, 49 Wash. (2d) 339, 301 P.2d 539.
For the purposes of this case we may assume that it was competent for the legislature to tax the transfer here in question within the principles enunciated in State ex rel. Walker v. Jones, 80 Mont. 574, 261 P. 356, 60 A.L.R. 551, and Blackstone v. Miller, 188 U.S. 189, 23 S.Ct. 277, 47 L.Ed. 439, but the state has not seen fit to do so. By section 91-4413, supra, it relinquished its right to do so. The United States Supreme Court first held that for more than one jurisdiction to impose a tax on the same transfer violated the constitution. First Nat. Bank of Boston v. State of Maine, 284 U.S. 312, 52 S.Ct. 174, 76 L.Ed. 313. It has since ruled that more than one jurisdiction may tax the same transfer. Curry v. McCanless, 307 U.S. 357, 59 S.Ct. 900, 83 L.Ed. 1339, 123 A.L.R. 162. It was to avoid this result that section 91-4413 was enacted. The legislature set itself against the principle of double taxation. Whether it acted wisely or unwisely is not for us to determine.
The cases of Connell v. Crosby, 210 Ill. 380, 71 N.E. 350 and In re Swift's Estate, 137 N.Y. 77, 32 N.E. 1096, 18 L.R.A. 709, relied on in the dissenting opinion do not reach the question before us. In those cases it was sought to tax real estate situated in another state by the state of the domicile of the testator on the theory that it had been converted into personal property by the executor upon a sale thereof by him. Obviously it is the character of the property at death that determines whether it is real or personal property and whether it is subject to a transfer tax.
*226 We agree that taxation is the rule and exemption the exception as stated in the dissenting opinion. That is especially true in that field of taxation invaded by the federal government. But here the legislature in plain and unambiguous language declared against the principle of double taxation and thus enacted section 91-4413 which is completely ignored by the dissenting opinion.
The order appealed from is affirmed.
MR. CHIEF JUSTICE HARRISON and MR. JUSTICE CASTLES, concur.
MR. JUSTICE BOTTOMLY, dissenting.
I cannot agree with the majority opinion herein for the following reasons:
The facts are not in dispute. George A. Briebach had resided in Montana for many years and accumulated real and other property located in Park County, Montana.
George A. Briebach died November 9, 1951, in the State of California. Prior to his death and on November 6, 1950, he executed a written executory agreement for the sale of a tract of the land located in Park County, Montana, which he owned, for a consideration of $31,500 payable in installments. At the time of his death there was still due and unpaid to him on said contract the sum of $15,750 of said purchase price.
On January 18, 1951, the decedent entered into an executory agreement for the sale of another tract of land located in Park County, Montana, which he owned. At the time of his death there was due and unpaid to him on this agreement the sum of $23,000 of said purchase price. All of the agreements in these transactions are deposited in Park County, Montana.
On September 21, 1931, George A. Briebach executed a will leaving all of his property, lands and personal property to his wife. The fee to these lands being in George A. Briebach at the time of his death passed under his will to his wife, where the fee title now rests.
The state, through its constitutional state board of equalization, contends that the interest in the real property and the title thereto, which was given and devised to the donee under said will and the intestate laws of Montana, measured and valued at the amounts due and to become due and owing on the above-mentioned executory agreements for the sale of the lands, are subject to the state inheritance tax. The defendant contends said interest and the amount is not subject to said inheritance tax.
The district court exempted the interest in and title to the real estate and all of the purchase price due and to become due and owing under the executory contracts from the gross value of the estate for inheritance tax purposes. From such determination and orders the state appealed.
The principal question presented here is what inheritance tax, if any, should be applied to the interest in lands, passing by decedent's will and the intestate laws of this state of the title to the land and of the unpaid balances due and unpaid on the foregoing executory agreements?
The majority opinion herein affirms the judgment of the district court upon the fictitious theory that the sale of real estate by vendor under a contract for a deed works an equitable conversion in tax proceedings, and therefore the interest passing is personalty. There is no statute so requiring this court to apply the fiction of equitable conversion in a law case like this for the collection of an inheritance tax. The application of this fictitious doctrine is absolutely foreign to an action which is strictly a law action such as this, and is only applicable in an equitable action. In State Board of Equalization v. Fall, 121 Mont. 280, 292, 192 P.2d 532, 538, this court quoting from People ex rel. Hoyt v. Commissioners of Taxes, 23 N.Y. 224, said: "Like other fictions, it has its special uses. It may be resorted to when convenience and justice so require. In other circumstances, the truth, and not the fiction, affords, as it plainly ought to afford, the rule of action."
*227 In Connell v. Crosby, 210 Ill. 380, 71 N.E. 350, 354, the Supreme Court of Illinois said: "The doctrine of equitable conversion is recognized in equity only, and is not given effect in courts of law * * * It cannot be applied in proceedings for the collection of inheritance or succession taxes." Emphasis supplied. Compare State v. Fusting, 134 Md. 349, 106 A. 690.
Our statute is plain, unambiguous and needs no interpretation. R.C.M. 1947, section 91-4401, provides, as applicable here, that "A tax shall be and is hereby imposed upon any transfer of property, real, personal or mixed, or any interest therein, or income therefrom in trust or otherwise, to any person, association or corporation * * * in the following cases * * *
"(1) By a resident of state. When the transfer is by will or by intestate laws of this state from any person dying possessed of the property while a resident of the state.
"(2) Nonresident's property within state. When a transfer is by will or intestate law, of property within the state or within its jurisdiction and the decedent was a nonresident of the state at the time of his death." Emphasis supplied.
The above-quoted section 91-4401 is exactly as enacted as section 1 of chapter 65, Laws of 1923.
It should be kept in mind that an action for the collection of inheritance tax is strictly a law action under the statutes of our state; that our inheritance tax is not a tax on property, but is imposed upon the right to transfer and receive property under a will or the intestate laws of Montana.
R.C.M. 1947, section 91-4453, defines the words "estate" and "property" as used in this act "to mean the real and personal property or interest therein passing or transferred to individual legatees, devisees, heirs, next of kin, grantees, donees, or vendees, and not as the property or interest therein of the dcedent, grantor, donor, or vendor, and shall include all personal property within or without the state. The word `transfer' as used in this act shall be taken to include the passing of property or any interest therein, in possession or enjoyment, present or future, by inheritance, descent, devise, succession, bequest, grant, deed, bargain, sale, gift, or appointment in the manner herein prescribed to each individual or corporation. The word `decedent' as used in this act shall include the testator, intestate, grantor, bargainor, vendor, or donor. `Intangible' or `intangible property' when used in this act without other qualifications, shall be taken to include all moneys, stocks, bonds, notes, securities and credits of all kinds, secured or unsecured * * *." Emphasis supplied.
In commenting on these sections, this court In re Estate of Oppenheimer, 75 Mont. 186, 198, 199, 201, 243 P. 589, 591, 44 A.L.R. 1470, said:
"`The right of succession is not inherent, and the government may or may not permit it; so that, when the privilege is granted, such conditions may be imposed as may appear desirable; and a law regulating succession of estates may prescribe such terms as the Legislature may deem appropriate * * *. The beneficiary of an estate has no claim by right of blood or otherwise to the estate of a decedent, except as the law gives it to him. The state has a right to take all of a decedent's property or to impose such taxes or conditions on distributive shares as it deems proper'. State ex rel. Rankin v. District Court, 70 Mont. 322, 225 P. 804.
"Many states have like statutes, embodying provisions similar to those under consideration, notably Wisconsin, New York, New Jersey, Massachusetts, Maine, Illinois, North Carolina, California, and Utah, and in pursuance of our task we have read many decisions from the highest courts of these states. Our statute was copied from the inheritance tax law of Wisconsin (Laws of Wisconsin, 1903, c. 44, section 1087, Wisconsin Statutes, Supp. 1906; * * *), and the Wisconsin statute was borrowed from New York * * *.
"In accordance with the accepted canons of statutory construction (State ex rel. *228 Golden Valley County v. District Court [75 Mont. 122], 242 P. 421), it is plain that the lawmakers intended that the tax should attach to such gifts or transfers as were to become effective after the death of the donor or grantor.
"Stripped of all unnecessary verbiage, as applied to the facts before us, the statute clearly requires the imposition of the tax `when the transfer is of property made by a resident intended to take effect in possession or enjoyment at or after * * * death', and independent of the decisions of other courts in the construction of language employed in similar statutes of other states, we have heretofore held, and we think correctly, that, where the transfer of property is not to take effect in possession or enjoyment until after the death of the transferor, whether in contemplation of death or not, it is subject to the tax. In re Estate of Schuh, 66 Mont. 50, 212 P. 516 * * *.
"* * * In the case of State v. Pabst, supra [139 Wis. 561, 121 N.W. 531], the supreme court of Wisconsin said, and we think correctly: "The statute was not intended to restrict persons in their right to transfer property in all legitimate ways, but it clearly manifests a purpose to tax all transfers which are accomplished by will, the intestate laws, and those made prior to death which can be classed as similar in nature and effect, because they accomplish a transfer of property under circumstances which impress on it the characteristics of a devolution made at the time of the donor's death'." Emphasis supplied.
Again in State ex rel. Walker v. Jones, 80 Mont. 574, 585, 261 P. 356, 358, 60 A.L.R. 551, this court said: "The precise question is, `Can it be held, for the purpose of imposing a succession or transfer tax thereon, that the property affected by this proceeding is within the jurisdiction of the state?
"`According to the fact of power' the question must be answered in the affirmative. The reason is that the state has jurisdiction of the person and property of the debtor, and the creditor must come into this state and apply to the jurisdiction of our courts if he is obliged to enforce his demand by process of law. This principle is recognized in State ex rel. Bankers' Trust Co. v. Walker, supra [70 Mont. 484, 226 P. 894] * * *." Emphasis supplied. See, also, State ex rel. Rankin v. Harrington, 68 Mont. 1, 217 P. 681.
Under the facts of this case, the land transferred to the donee is in Park County, and the agreements here are held in Park County, Montana. The purchaser is obligated to pay the balance due on the land or forfeit the land. If he does not pay as agreed, or surrender the land, the person to whom the payments become due must come into our courts for assistance to enforce his rights under the agreements, and for his judgment. This state has jurisdiction of the real property contracted to be sold and of the purchaser, i.e., the debtor.
Let us examine the fact situation in this matter. Just what did the donee receive and inherit? She inherited two pieces or parcels of real estate situated in Park County, Montana, each subject to a contract of sale executed by the decedent while he was the owner. He was obligated upon payment of the purchase price to deliver deeds to the purchaser. By virtue of the clauses, she was entitled, in the case of failure of the vendee to perform, to termination of the contracts and to forfeit all rights of the vendees thereunder. This real property and donee's interest therein was and is within the jurisdiction of this state, was and is corporeal and tangible property, and was and is taxable under our statutes above-cited. These are indisputable realities and are not in any sense fictions. Any attempt to fix the situs by fiction of the interest in this real estate in California does violence to the facts and reason.
Under the terms of testator's will herein there is no intention expressed or implied that the testator expected or desired that the real estate devised should be converted *229 for the purposes of the will, and this court may not read into the will something that is not contained therein. Where the testator does not so direct, the real estate or interest therein passes as real estate. This is the general rule.
The real estate passing under the terms of the will in this case, which will was executed in 1931, is not subject to the provisions of R.C.M. 1947, section 91-4413. Neither is it to be subjected to a fictitious doctrine, when the truth and not a fiction affords, as it plainly ought to afford, the rule of action.
In Blackstone v. Miller, 188 U.S. 189, 205, 23 S.Ct. 277, 278, 47 L.Ed. 439, the court said: "If the transfer of the deposit necessarily depends upon and involves the law of New York for its exercise, or, in other words, if the transfer is subject to the power of the State of New York, then New York may subject the transfer to a tax [Citing cases]. But it is plain that the transfer does depend upon the law of New York, not because of any theoretical speculation concerning the whereabouts of the debt, but because of the practical fact of its power over the person of the debtor. The principle has been recognized by this court with regard to garnishments of a domestic debtor of an absent defendant. [Citing cases]. What gives the debt validity? Nothing but the fact that the law of the place where the debtor is will make him pay. It does not matter that the law would not need to be invoked in the particular case * * *.
"Power over the person of the debtor confers jurisdiction, we repeat. And this being so we perceive no better reason for denying the right of New York to impose a succession tax on debts owed by its citizens than upon tangible chattels found within the state at the time of the death. The maxim, Mobilia sequuntur personam has no more truth in the one case than in the other. When logic and the policy of a State conflict with a fiction due to historical tradition, the fiction must give way." Emphasis supplied. Compare Curry v. McCanless, 307 U.S. 357, 59 S.Ct. 900, 83 L.Ed. 1339, and State Tax Comm. of Utah v. Aldrich, 316 U.S. 174, 62 S.Ct. 1008, 86 L.Ed. 1358, which overruled the holdings in the cases of Baldwin v. State of Missouri, 281 U.S. 586, 50 S.Ct. 436, 74 L.Ed. 1056; First National Bank of Boston v. State of Maine, 284 U.S. 312, 52 S.Ct. 900, 76 L.Ed. 313, cited as authority in the majority opinion. In the Washington case of In re Plasterer's Estate, 49 Wash. (2d) 339, 301 P.2d 539, relied on in the majority opinion, the interest in real estate there discussed was located in Alaska, where the tax was imposed, and Washington also imposed a tax where decedent was domiciled.
The case of In re Eilermann's Estate, 179 Wash. 15, 35 P.2d 763, was decided on the precedent of Baldwin v. State of Missouri, and First National Bank of Boston v. State of Maine, supra, which were overruled as above-stated.
In re Swift's Estate, 137 N.Y. 77, 32 N.E. 1096, 1097, is a transfer or succession tax case similar to the case at bar. There the New York court said: "What has the state done, in effect, by the enactment of this tax law? It reaches out, and appropriates for its use a portion of the property, at the moment of its owner's decease, allowing only the balance to pass in the way desired by testator, or permitted by its intestate law; * * * In exercising such a power of taxation as is here in question, the principle, obviously, is that all property in the state is tributary for such a purpose, and the sovereign power takes a portion or percentage of the property, * * * in its passage into an ownership regulated by the enabling legislation of the state. * * * It has not the power to tax directly either lands or tangible personal property situated in another state or country. As to the latter description of property, no fiction transmuting its situs to the domicile of the owner is available, when the question is one of taxation * * *.
"Nor is the argument available that, by the power of sale conferred upon the executors, there was an equitable conversion worked of the lands in New Jersey, as of the time of the testator's death; and *230 hence that the property sought to be reached by the tax, in the eye of the law, existed as cash in this state, in the executor's hands, at the moment of the testator's death. * * * Neither the doctrine of equitable conversion of lands, nor any fiction of situs of movables, can have any bearing upon the question under advisement. The question of the jurisdiction of the state to tax is one of fact, and cannot turn upon theories or fictions, which, as it has been observed, have no place in a well-adjusted system of taxation." Emphasis supplied.
The fiction of equitable conversion has no application in a suit at law to enforce an inheritance tax. Taxation is the rule and exemption the exception. The taxing power of the sovereign state is never presumed to be relinquished unless the intention to relinquish is expressed in clear and unambiguous terms. Every claim for exemption should be denied unless the exemption is granted by express statute. The laws of our state guarantee to everyone, whether a resident or a nonresident, the protection of his property, but this protection carries with it the corresponding obligation to support the government which affords the protection. Exemptions of inheritance tax are the exception and are not favored. They will not be presumed and are to be strictly construed in favor of the state and are to be narrowly applied. 85 C.J.S., Taxation, section 1157, page 965.
Our inheritance tax act, R.C.M. 1947, title 91, chapter 44, is a special act enacted for the sole purpose of exacting a tax in matters of inheritance, bequests, devises and gifts. It is complete within itself for all purposes necessary to determine the interests and properties passing from the deceased to the living, the rate of tax, and all other essentials. Such special legislation must be interpreted as an exception to the general statutes or law concerning the same or like subjects. In interpreting such legislation, there is no need and no excuse for searching out any fiction, especially an equitable fiction which is not, nor can it be made applicable to an action strictly in law such as this. Justice in this law case does not require this court to resort to such a fictitious doctrine or rule, when the truth and not a fiction plainly affords and dictates in an action of law the rule to apply. I would reverse the orders of the district court and order the inheritance tax to be assessed as contended for by the state board of equalization.
MR. JUSTICE ADAIR, dissenting.
I concur in the foregoing dissenting opinion by Mr. Justice Bottomly.