IN THE MATTER OF THE ESTATE OF
HORACE G. HOUGHTON, DECEASED.

Argued January 9, 1978—Decided March 13, 1978.

*Mr. Martin L. Wheelwright,* Deputy Attorney General, argued the cause for appellant Transfer Inheritance Tax Bureau, Division of Taxation, State of New Jersey (*Mr.*

*William F. Hyland,* Attorney General of New Jersey, attorney; *Mr. Stephen Skillman,* Assistant Deputy Attorney General, of counsel).

*Mr. Louis Bort* argued the cause for respondent Jessie M. Houghton.

PER CURIAM. The question in this case is whether there has been a transfer subject to the transfer inheritance tax, *N. J. S. A.* 54:34–1 *et seq.,* when a husband and wife, owners of realty as tenants by the entirety, enter into a contract to sell the land, and the husband dies before the contract is consummated. The Appellate Division held the contract did not terminate the tenancy by the entirety and the transfer was not taxable. We agree essentially for the reasons stated in its opinion. A tax is imposed when real property is "transferred by will or by the intestate laws of this State from a resident of this State dying seized or possessed thereof." *N. J. S. A.* 54:34–1a. As we pointed out in *Newman v. Chase,* 70 *N. J.* 254, 259 n. 3 (1976), upon the death of a tenant by the entirety the survivor becomes sole owner either by right of survivorship or as an incident of the original grant or devise. Under either theory the transfer of the realty upon the husband's death was not ascribable to a will or intestacy. The principle of equitable conversion was not applicable under these circumstances insofar as the State was concerned.

Affirmed.

*For affirmance*—Chief Justice HUGHES and Justices SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER and HANDLER and Judge CONFORD—7.

*For reversal*—None.