LANDMARK FIRST NATIONAL BANK OF FORT LAUDERDALE, executor, *vs.* COMMISSIONER OF CORPORATIONS & TAXATION. July 20, 1978. The sole question to be determined on this appeal is whether Massachusetts real estate standing in the name of a nonresident decedent at the time of his death but which is subject to an executory agreement of purchase and sale is subject to taxation here under the provisions of the third paragraph of G. L. c. 65A, § 1. The linchpin of the taxpayer's argument against the application of § 1 is the claimed applicability of the doctrine of equitable conversion. See *Baker* v. *Commissioner of Corps. & Taxn.*, 253 Mass. 130, 134 (1925). See generally 1

Pomeroy, Equity Jurisprudence § 161 (4th ed. 1918). 1. Although there is a line of authority which lends support to the taxpayer's contention, see *Ryan's Estate*, 102 N.W.2d 9, 14-15 (N.D. 1960), and cases cited, a more persuasive line of authority indicates that in circumstances such as the present the doctrine of equitable conversion has no application. See e.g., *Matter of Houghton*, 147 N.J. Super. 477, 482-485 (1977), and cases cited, aff'd per curiam, 75 N.J. 462 (1978); *In re Estate of High-berger*, 468 Pa. 120, 123-126 (1976). Cf. *McCurdy* v. *McCurdy*, 197 Mass. 248, 250 (1908); *Hawkridge* v. *Treasurer & Receiver Gen.*, 223 Mass. 134, 136-137 (1916); *State* v. *Fusting*, 134 Md. 349, 352-354 (1919). See also *Connell* v. *Crosby*, 210 Ill. 380, 390 (1904). Contra *Department of Revenue* v. *Baxter*, 486 P.2d 360, 364-366 & n.15 (Alaska 1971). We think the better reasoned view limits the application of that doctrine to those persons who have entered into contractual relations with the decedent or who stand in privity with him. See *Matter of Baker*, 67 Misc. 360, 361 (N.Y. Sur. Ct. 1910). The law of this Commonwealth is in accord with that view. See *McCurdy* v. *McCurdy, supra*. We conclude "that what amounts at best to a fiction of law cannot be employed to change the incidence of the tax statute." *Matter of DeStuers*, 199 Misc. 777, 785 (N.Y. Sur. Ct. 1950), cited with approval in *Estate of Houghton, supra* at 482. See also *Matter of Swift*, 137 N.Y. 77, 86 (1893); *State* v. *Kistner*, 132 Mont. 437, 448, 450 (1957) (Bottomly, J., dissenting). 2. Even though we believe the *McCurdy* case should be read to preclude operation of the doctrine of equitable conversion in the tax field, it also appears that the Massachusetts cases cited by the parties hold that, if there is to be an equitable conversion, it does not arise until the time for performance under the agreement of purchase and sale. See *Baker* v. *Commissioner of Corps. & Taxn., supra*. In the instant case the decedent died before the time for performance. See *Sondheim* v. *Fenton*, 326 Mass. 28, 30 (1950).

*Judgment affirmed.*

*William A. Ryan, Jr.*, for the plaintiff.
*Terry Jean Seligmann*, Assistant Attorney General, for the defendant.