In the Matter of the ESTATE OF BERTHA I. MAHER, Deceased. AMY J. MAHER, Administratrix of the ESTATE OF BERTHA I. MAHER, Plaintiff and Respondent, v. THE STATE BOARD OF EQUALIZATION, Defendant and Appellant.

No. 10368.

Submitted June 13, 1962. Decided July 16, 1962.
Rehearing denied August 6, 1962.
373 P.2d 520.

John R. Kline, Helena, for appellant.

James A. Cumming, Columbia Falls, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

Appeal by the State Board of Equalization from an order determining inheritance tax entered in the district court of Flathead County in the Estate of Bertha I. Maher, deceased.

It appears that Bertha I. Maher departed this life on May

23, 1960, at Whitefish, Montana, where she had resided for many years. In 1952 she had executed a trust agreement under which a Pennsylvania bank was the trustee. In this trust agreement she reserved the right to change or alter the trust and had complete power of revocation.

Following her death it was represented to the district court that the decedent left no estate subject to probate by reason of transfers made prior to death, but that such transfers were taxable under the inheritance tax laws of the State of Montana and a special administratrix was appointed for the purpose of having such tax determined. A special appraiser was appointed and made a report to the court wherein he reported that the fair market value of the property held by virtue of the trust agreement was the sum of $70,970.01, but that such property was not subject to taxation by the State of Montana. The special administratrix filed her final report and petition to have the inheritance tax determined and therein excluded the value of the trust property. Objections were filed by the State Board of Equalization which contended that the value of the trust property should be subject to inheritance tax. The objections were overruled by the district court and the order determining inheritance tax exempted the trust property from taxation. From this order the State Board of Equalization has appealed.

While several specifications of error are made, the sole question involved is whether intangible personal property of a resident decedent is subject to inheritance tax in this state when such property is located in the State of Pennsylvania.

Section 91-4401, R.C.M. 1947, in part provides:

"A tax shall be and is hereby imposed upon any transfer of property, real, personal or mixed, or any interest therein, or income therefrom in trust or otherwise, to any person, * * * in the following cases, except as hereinafter provided:

" (1) By a resident of state. When the transfer is by will or by intestate laws of this state from any person dying possessed of the property *while a resident of the state.*" Emphasis added.

Section 91-4413, R.C.M.1947, provides that such tax shall not be payable upon nonresident decedent's intangible personal property, so far as pertinent here, if the state of residence allowed similar exemption to residents of Montana. This is known as the reciprocity statute and the State of Pennsylvania does grant reciprocity under the same conditions.

In State v. Kistner, 132 Mont. 437, 318 P.2d 223, this court had before it the question of whether the rights passing to a widow under certain contracts for sale of real estate should be included in the gross value of the estate subject to inheritance tax. The land being sold was located in Montana; decedent was a resident of the State of California. California had a reciprocal statute and since we there held that the rights of the widow to the unpaid purchase price due under the contracts was intangible personal property it was not taxable by reason of the reciprocal statute, section 91-4413, R.C.M.1947.

In the instant case we are confronted with the reverse situation.

In Hess Trust, 65 Pa.Dist & Co.R. 19, the Pennsylvania Orphans' Court held that the corpus of a revocable trust *inter vivos*, created by a nonresident and with a nonresident trustee, is subject to Pennsylvania inheritance tax under their law where the settlor was a resident of Pennsylvania at the time of his death, even though the securities constituting the corpus were at all times outside of Pennsylvania and although the trust instrument provided that it was to be construed under the laws of another state. In its opinion the court stated:

"It seems to this court insignificant in fixing liability under the Act of 1919 and its supplements, that the trust agreement made a provision that the trust estate was to be administered in the State of New York, and according to the laws of the State of New York. The provisions of the laws of Pennsylvania cannot be jeopardized by the whims of one who assumes a residence in and the protection of the provisions of the laws of this State; and the interpretation of the rules of law which have been re-

cently applied to Todd's Estate [Todd Trust, 358 Pa. 530, 58 A.2d 135] are applicable to all other residents of this Commonwealth. In Todd's Estate a remote contingency existed that the deed in trust would be revoked or changed, but the right nevertheless did exist, and the existence of this right of revocation, modification or change, constituted a reservation of an 'interest' in the property. In the Hess trust estate a similar right of 'interest' existed as long as Charles Wilbur Hess lived, and as long as he remained a resident of this Commonwealth, and this right only became extinguished upon his death, when the right of the designated beneficiaries became absolute and their prospective estates in the remainder became vested, subject to the distribution and payment of any and all lawful claims, including the share or interest therein of the Commonwealth of Pennsylvania. After Charles Wilbur Hess became a resident of the Commonwealth of Pennsylvania it may be assumed by this court that the *inter vivos* trust was modified and revoked in accordance with the fact, orally if not in writing, that settlor thereafter was subject to the laws of the Commonwealth and particularly to its inheritance tax laws.''

We are of the view that the holding of the Pennsylvania court is correct, and the same situation applies here in Montana in this case.

We hold that intangible personal property situated without this state, but which was owned by a resident decedent, is subject to inheritance tax in this state, and therefore the order determining inheritance tax is reversed and the cause remanded to the district court for further proceedings not inconsistent with this opinion.

MR. JUSTICES ADAIR, DOYLE, CASTLES and JOHN C. HARRISON concur.