Argued February 13, reversed with instructions
April 9, 1970

# DEPARTMENT OF REVENUE, *Appellant, v.*
# GRUENWALD, *Respondent.*

467 P2d 660

*Walter J. Apley,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and Richard A. Uffelman, Assistant Attorney General, Salem.

*R. L. Marceau,* Bend, argued the cause for respondent. With him on the brief were McKay, Panner, Johnson & Marceau, Bend.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

232

LANGTRY, J.

The Oregon Department of Revenue appeals from a judgment overruling objections and determining the estate tax in the estate of Gladys N. Petty, deceased. ORS 118.700. The Department had objected to the Order and Notice of Determination of Tax because it omitted proceeds from a trust of real property in Arizona. The deceased died while a domiciliary of Crook County, Oregon, on May 8, 1965.

■ In 1961 she had been a domiciliary of Arizona where she owned real property. This real property was made the subject of what is termed a "subdivision trust." Substantially, it is an arrangement whereby the owner of real property transfers title to a trustee under a trust instrument which directs the trustee to convey to a third party, who is in turn empowered to subdivide and develop the property, disposing of it in parcels as it is developed. The selling price and gains which the seller may realize depend to a substantial extent on the progressive success of the project.

The trust instrument in this case provides that the seller and the buyer are each beneficiaries of the trust and it states:

"The interest of the Beneficiaries in this Trust is personal property, and the Beneficiaries have not and shall not at any time have the right, title or interest in or to the property covered hereby, and have not and shall not have any right or power to apply for or secure the dissolution or termination of this Trust or the partition or division of any of the trust property in any manner, except as provided herein * * *."

After probate of the Petty estate had commenced in Crook County, Oregon, ancillary proceedings were commenced in Arizona, where in August 1966 the ex-

ecutor paid estate taxes on the realty involved in the trust. Neither the realty nor the right to proceeds from the trust was included in the Oregon inheritance tax report, and the same was true with reference to the Amended Order and Notice of Determination of Tax in October 1966. In October 1967, the Arizona trustees filed a declaratory judgment suit in Arizona seeking a characterization by that court of the estate's interest in the property. The Arizona court held it to be an interest in realty. Neither the Oregon Department of Revenue nor any party in privity with it was a party to that suit.

The Treasurer of the State of Oregon filed objections to the notice of determination of inheritance tax in the estate proceeding in Crook County Circuit Court, and on such objections the trial was held. The trial court in Crook County expressed "amazement" that the Arizona Court found the estate's interest in the trust property to be realty in the face of the language quoted above from the trust instrument. Nevertheless, the trial court stated that it was bound by the characterization of the Arizona decree and ruled accordingly.[1]

---

[1] The characteristics and some of the practical uses of the subdivision trust which is used in Arizona is explained in Carlock, *The Subdivision Trust—A Useful Device in Real Estate Transactions*, 5 Ariz L Rev 1 (1963). We note at page 9 of that article the author states:

"The usual practice among Arizona taxpayers is to treat the transfer of the property to the trustee * * * as a sale of the property by the seller (First Beneficiary) and a purchase by the buyer (Second Beneficiary). This is consistent with the ultimate economic effect of the transaction * * *."

The author states at pps. 11 and 12:

"It is our opinion that the * * * trust agreement creates, in Arizona, at least, personal property interests in the beneficiaries. We depend chiefly on three things: first, that the

■ We do not consider the Oregon Department of Revenue to be bound by the declaration of the Arizona decree, because neither the Department nor anyone in privity with it was a party to that suit. Restatement, Conflict of Laws 533, § 450(2) (1934). See also Restatement (Second) Conflict of Laws (Proposed Official Draft, Pt I) 344, 386, § 94, 103 (1967); Restatement, Judgments 459, § 93 (1942); and comment from *Blodgett v. Silberman,* infra.

> "The courts have held that death taxes may be imposed on land only at the situs, thereby precluding the possibility of double taxation [as to land] [citing Blodgett v. Silberman, 277 US 1, 48 S Ct 410, 72 L Ed 749 (1928); Maxwell v. Bugbee, 250 US 525 (1919)]. A similar rule exists as to tangible personal property if it has a 'permanent' location [citing Frick v. Pennsylvania, 268 US 473 (1925)] * * *." Ester and Scoles, *Estate Planning and Conflict of Laws,* 24 Ohio St L Rev 270, 281-82 (1963).

See also, Harold Marsh, Jr., *Multiple Death Taxation in the United States,* 87 UCLA Calif L Rev 69, 70 (1961).[2] The authors of the Ohio law review article

parties agree that the beneficial interests are personal property—not conclusive, of course, but a court may give it weight [citing Breen v. Breen, 411 Ill 206, 103 NE2d 625 (1952)]; second, the duty of the transferee to enter into sales agreements * * *; and third, the duty of the trustee * * * to sell the property, or any of it still in the trust, five years after the due date of the final installment of the purchase price * * *."

He notes that the latter provision makes it an active trust, and that if there is need for it, the five-year period can be extended.
[2] In the Marsh article, the author states:
"The United States Supreme Court, in a series of cases commencing with Curry v. McCanless and Graves v. Elliot in 1939 and ending with Greenough v. Tax Assessors [331 US 486] in 1947, has held that there is no constitutional obstacle

say there is no United States constitutional impediment, in a situation like that at bar, preventing double taxation—that is, taxation by each of the involved states.

"* * * The Supreme Court has permitted the decedent-settlor's domicile to tax the intangible corpus of a foreign trust, at the same time recognizing the validity of a tax assessed in the state where the trustee was domiciled and the trust administered [citing Curry v. McCanless, 307 US 357 (1939); Graves v. Elliot, 307 US 383 (1939); Bullen v. Wisconsin, 240 US 625 (1916)] * * *." 24 Ohio St L Rev at 283.

The authors say that the labyrinth of double taxation is confused when an attempt is made to define intangible personal property, and that *Blodgett v. Silberman,* 277 US 1, supra, provides the best approach by the Supreme Court to the problem. Their conclusion is that where the property is characterized as intangible in the state which occupies Oregon's position in

----

to the imposition of an inheritance tax upon intangible personal property both by the domicile of the deceased owner and by any other state or states which furnish 'benefit and protection' to the property interests represented by the intangible. The limitations to this doctrine, if any, have not yet been clearly stated by the Supreme Court. It has been specifically held that both the state where a trust is administered and the state where one of the trustees is domiciled, in addition to the domicile of the beneficiary, may tax the succession to trust assets * * *." 8 UCLA Calif L Rev at 70.

"Oregon has a statute exempting the intangibles of a nonresident if the state of his domicile grants a 'like exemption' to residents of Oregon. This type of provision, while not as detailed as the language of the Uniform Act, has been interpreted as being as broad in scope * * *." Id. at 72.

The statute referred to (ORS 118.060) does not apply to the instant case because it deals with the intangible property of a "nonresident" decedent; here, the decedent was a resident and domiciliary of Oregon. If a reciprocal exemption statute was to be applied, Arizona was in the position to apply it, not Oregon.

the present dispute, there will be double taxation, and that an estate planner should advise his client to locate assets so as to force taxing states into courts of a single state for the satisfaction of their claims. Thus, each state submitting a tax claim will be bound by the findings of the court deciding that case. Unfortunately for the heirs herein, that did not occur.

■ We conclude that the interest which the estate has in the subdivision trust is in fact to the proceeds of the trust. The trust is, in most of its essential characteristics, a contract for sale of the real property in Arizona.

■■ Both sides have discussed in their briefs and arguments the application of the doctrine of equitable conversion to this case. This doctrine is sometimes applied where real property has been sold under the terms of a contract which provides for instalment payments for the property with the title to the property being retained by the seller as security for the future payments. The doctrine of equitable conversion simply holds that even though the contract leaves the title in the seller the ownership of the real property is, nevertheless, in equity converted to the buyer. The contract in the hands of the seller is personal property, the value of which is the deferred payments which are due to him. *Panushka v. Panushka*, 221 Or 145, 349 P2d 450 (1960). An attempt to apply the doctrine to the instant case is complicated, if not utterly confounded, by the fact that the subdivision trust instrument does not leave the bare legal title to the land in either party. It is transferred to a trustee. We do not believe that an attempt should be made to apply the doctrine here. In this case, it is sufficient to hold, as was done in *Blodgett v. Silberman,* supra, that the

state of domicile at death may impose a tax on the right of succession to proceeds from the trust which we hold is intangible personal property. The court in *Blodgett,* said:

> "* * * For present purposes it suffices that intangible personalty has such a *situs* at the domicil of its owner that its transfer on his death may be taxed there." 277 US at 10.

■ With reference to the "full faith and credit" which the trial court gave to the Arizona decree, "We do not think that there is anything in this point." *Blodgett v. Silberman,* supra, 277 US at 19. Just as the court pointed out in that case, in this case there was nothing in the Arizona proceedings that is inconsistent with our decision. The Arizona court did not decide, assuming it had jurisdiction to do so, that Oregon lacked the power to impose a tax. Oregon was not a party to the proceedings in that judgment, nor was it in privity with anyone who was a party, as we have already noted.

Reversed, with instructions to sustain the objections of the Treasurer of the State of Oregon to that part of the Order and Notice of Determination of Tax which excluded the value of proceeds to be received from the subdivision trust, and make a new order consistent herewith.

Reversed.