GEORGE W. FELKINS, Personal Representative for the Estate of BARBARA E. FELKINS, Deceased *v.* DEPARTMENT OF REVENUE

Marilyn G. Miller, Shepherd, Fedde & Miller, Portland, represented plaintiff.

Ted E. Barbera, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered March 21, 1974.

CARLISLE B. ROBERTS, Judge.

The plaintiff, as personal representative of the Estate of Barbara E. Felkins, deceased, pursuant to ORS 118.180, appealed from the order of the Department of Revenue (No. IH 73-5, dated July 11, 1973) and the defendant's notice of determination and assessment of inheritance tax, praying for a redetermination.

The facts are not in dispute and the cause has been submitted to the court on briefs. The decedent, Barbara E. Felkins, an Oregon resident, died on December 12, 1970. At the time of her death, she held the vendor's

interest in two contracts for the sale of land located in the State of Washington. These two items were not reported for Oregon inheritance tax purposes, the plaintiff maintaining that the decedent's estate is the owner of real property situated in Washington and that the property is outside of Oregon's jurisdiction to tax.

The plaintiff, in his brief, presents the following question for decision, at 1-2:

"Is the State of Oregon authorized to apply the doctrine of equitable conversion for the purpose of assessing an inheritance tax upon the balance due at the time of death of the resident vendor on executory contracts for the sale of real property in light of the following:

"a. the land which is the subject of the contracts is situated within the State of Washington;

"b. the contracts have at all times been physically located within the State of Washington;

"c. all payments on the contracts have been made and retained in the State of Washington;

"d. the contracts were included in the Inventory filed in the Washington probate proceedings involving the decedent herein, Barbara Felkins."

It appears to the court that the intent of the Oregon legislature, under the inheritance tax law, is to assert jurisdiction to its fullest lawful extent. See ORS 118.010:

"(1) All property and any interest therein, within the jurisdiction of the state, whether belonging to the inhabitants of this state or not, which passes or vests by survivorship, will or by statutes of inheritance of this, or any other state, * * * is subject to tax at the rate specified in ORS 118.100, to be paid to the Department of Revenue for the use of the state."

The defendant's order is premised upon the doctrine of equitable conversion, which is well established in this state (and in most of the western states). *Panushka v. Panushka,* 221 Or 145, 349 P2d 450 (1960).

As stated in *Panushka,* at 149:

"\* \* \* [W]e deem it in order to restate the doctrine of equitable conversion as it has been recognized and applied in a long line of previous cases. In equity a binding and enforceable contract for the sale and purchase of real estate is recognized for most purposes in this court, as well as in other jurisdictions, as if specifically executed and performed. This concept is derived from the maxim that equity considers as done that which was agreed to be done."

See also *Re Estate of Denning,* 112 Or 621, 229 P 912 (1924).

█ Plaintiff has largely confined his attack to the contention that the doctrine of equitable conversion is not applicable in this case, but his authorities are easily distinguished. *Re Estate of Henry S. Paul,* 303 Pa 330, 154 A 503, 78 ALR 779 (1931), is cited for the proposition that "the doctrine of equitable conversion should not be invoked to subject property to taxation, particularly where it is land located in another state." Oregon, of course, has never sought to tax land in another state; *Paul* overlooks the fact that the execution of a land contract creates a new value, economically, similar to the borrowing of money at a bank, evidenced by a note secured by a mortgage, which is an item of intangible personal property in Oregon. (See the discussion in *Department of Revenue v. Baxter,* 486 P2d 360, 365 (Alas 1971), indicating that both title-theory and lien-theory states follow this principle.) *Haas v. Holman,* 143 Or 141, 21 P2d 795 (1933), cited

by plaintiff, quotes from *Frick v. Pennsylvania,* 268
US 473, 45 S Ct 603, 69 L Ed 1058, 42 ALR 316 (1925),
at 143 Or 152, but the facts of the case differ significantly from those in the present suit and its ruling
follows the principle of *mobilia sequuntur personam*
as to intangibles, a fiction to which the plaintiff objects. Plaintiff deems the *Panushka* case, *supra,* substantially overruled by *Heider v. Dietz,* 234 Or 105, 380
P2d 619 (1963). That case held that equitable conversion will not automatically apply in every instance
of a land sale contract. The court agrees with the
defendant that the *Panushka* decision has been limited
by *Heider v. Dietz;* however, the *Panushka* case still
stands for the proposition that equitable conversion
may be applied in cases involving the devolution of
interests under land sale contracts, with an exception
for the unusual facts of the *Heider* case which is not
applicable here. An earlier opinion of the Attorney
General of the State of Oregon cited by plaintiff, 26
Op Att'y Gen 181 (1953), is overruled by the opinion
of a successor Attorney General filed as the defendant's answering brief herein. See *Alexander v. Gladden,*
205 Or 375, 288 P2d 219 (1955), in which the Supreme
Court of Oregon stated, at 383:

> "* * * We give earnest consideration to opinions of the attorney general, but we are not bound
> by them, especially when the present attorney general expresses views contrary to those expressed
> by his predecessor. * * *"

▆ While the statement of the doctrine of equitable conversion may be sufficient for our present
purposes, there is further support for the defendant's
order in the recognition that the documents involved
in the land sales contracts and the duties and benefits
arising from them constitute a chose in action which

is, of course, intangible personal property. It is well established that the doctrine of *mobilia sequuntur personam* applies to intangible personal property and that the state in which such property should be taxed for inheritance tax purposes is the state of the decedent's domicile. The court recognizes that, for many years, it has been held that such an item of property can be taxed in more than one state. *Dept. of Revenue v. Gruenwald,* 2 Or App 230, 235, 467 P2d 660 (1970). This is regarded as objectionable in many states as a matter of legislative policy.

Professor Harold Marsh, Jr., in an article entitled "Multiple Death Taxation in the United States," 8 UCLA L Rev 69 (1961), states that the U. S. Supreme Court, in a series of cases commencing with *Curry v. McCanless,* 307 US 357, 59 S Ct 900, 83 L Ed 1339, 123 ALR 162 (1939), and ending with *Greenough v. Tax Assessors,* 331 US 486, 67 S Ct 1400, 91 L Ed 1621, 172 ALR 329 (1947), has held there is no constitutional obstacle to the imposition of an inheritance tax upon intangible personal property, both by the domicile of the deceased owner and by any other state or states which furnish benefit and protection to the property. Professor Marsh then cites 36 states that have exempted from inheritance tax nearly all intangibles owned by nonresident decedents. Washington is among the states which exempted from inheritance tax all intangibles owned by a nonresident decedent, without qualification. See RCW 83.04.040 (1962). He then states as follows, at 72:

"Oregon [ORS 118.060 (1953)] has a statute exempting the intangibles of a nonresident if the state of his domicile grants a 'like exemption' to residents of Oregon. This type of provision, while not as detailed as the language of the Uniform Act,

has been interpreted as being as broad in scope, and therefore Oregon would seem to be reciprocal of all of the thirty-six states * * *."

In order to prevent double taxation of the same intangible, Oregon has enacted ORS 118.060 which reads:

"Intangible personal property of a nonresident decedent upon which an inheritance tax is imposed by ORS 118.005 to 118.840, is not subject to the tax so imposed if a like exemption is made by the laws of the state or country of decedent's residence in favor of residents of this state."

A similar statute is to be found in Alaska, Montana, North Dakota and other states. The Washington statute does not even require reciprocity. The plaintiff's problems as to the nature of the property right and the threat of double taxation are considered in *Department of Revenue v. Baxter, supra; In re Maher's Estate,* 140 Mont 476, 373 P2d 520 (1962); *In re Ryan's Estate,* 102 NW2d 9 (ND 1960); *In re Briebach's Estate,* 132 Mont 437, 318 P2d 223 (1957); *In re Plasterer's Estate,* 49 Wash2d 339, 301 P2d 539 (1956); *In re Eilermann's Estate,* 179 Wash 15, 35 P2d 763 (1934).

To recapitulate the holding in those cases, applicable herein, the vendor's interest in an executory contract for the sale of realty is intangible personal property which the Oregon inheritance tax law contemplates will ordinarily be subject to inheritance taxes only in the state of decedent's domicile. The location of the indicia of the chose in action and the place of payment by the vendee to the vendor's agent are not significant.

It appears to the court that plaintiff's chief complaint would arise in that, prior to the Oregon deter-

mination appealed herein, he had paid inheritance taxes to the State of Washington on these contracts. It appears that, under Washington law, such tax should not have been paid in that state. It is to be hoped that a refund can be obtained. However, in this situation, there is no doubt that Oregon intended to tax and is entitled to tax the transfer of the intangible property rights created in the vendor decedent's two contracts of sale of real property situated in Washington. The defendant's order is affirmed.